UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **WAYNE COMPTON** | : | **CIVIL ACTION NO. 1:22-cv-04827** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **UNITED NATIONAL INSURANCE CO.** | : | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendant United National Insurance Company. Doc. 22. Plaintiff filed a Notice of No Opposition to Defendant's Motion to Dismiss [doc. 31], making this motion unopposed and ripe for resolution.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED**.

I.
BACKGROUND

This case arises from damage to plaintiff's property in Alexandria, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Doc. 1. Attorneys formerly associated with the law firm McClenny Moseley and Associates, PLLC ("MMA"), acting on plaintiff's behalf, filed suit in this court on August 25, 2022, raising claims against United National Insurance Company for breach of insurance contract and bad faith under Louisiana law. *Id.* The complaint claims that the property at issue was insured by defendant at the time of the hurricanes. *Id.* at ¶ 1.

In its Answer and Affirmative Defenses, defendant claims it did not issue a policy of insurance to plaintiff and, therefore, plaintiff failed to state a claim to relief against defendant that can be granted. Doc. 12. Attached to defendant's answer is a sworn declaration from Kate Wilkinson, Vice President of Claims with Global Indemnity (which owns defendant). Doc. 12, att. 1. Defendant subsequently filed the instant motion, again claiming it did not issue a policy of insurance to plaintiff. Doc. 22. Plaintiff filed a Notice of No Opposition to Defendant's Motion to Dismiss. Doc. 31. Thus, the motion is unopposed.

## II.
### LAW AND ANALYSIS

The motion to dismiss before the court argues defendant never issued a policy of insurance to plaintiff but does not provide the court with any citation to authority that would allow the court to dismiss the case at the pleadings stage. Though defendant does not explicitly state which rule from the Federal Rules of Civil Procedure would require dismissal of this case, the motion refers to defendant's answer, which asserts plaintiff "failed to state a claim against Defendant on which relief can be granted." Doc. 22 (citing doc. 12 & doc. 12, att. 1); doc. 12, p. 1, ¶ A. Accordingly, the court presumes defendant intended to seek dismissal under Rule 12(b)(6).[1]

A motion to dismiss under Rule 12(b)(6) is appropriate when a complaint fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). To survive the motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp.*

---

[1] Rule 12(b)(6) allows a party to file a motion to assert as a defense the opposing party's "failure to state a claim upon which relief can be granted."

*v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In assessing a Rule 12(b)(6) motion, the court "is limited to the contents of the pleadings, including attachments thereto." *Weyerhaeuser Co. v. Burlington Ins. Co.*, 74 F.4th 275, 282 (5th Cir. 2023) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

Plaintiff's claims against defendant all rely on the assertion that defendant supplied the insurance policy at issue to plaintiff and that the policy was in effect at the time of Hurricanes Laura and Delta. In the motion to dismiss, defendant claims it "never issued a policy of insurance" to plaintiff. Doc. 22, att. 1. In support of this assertion, defendant cites to its answer and the attachment thereto. *Id.* (citing doc. 12 & doc. 12, att. 1). Because an answer and its exhibits are considered pleadings, the court may rely on these documents in its analysis. *See* Fed. R. Civ. P. 7(a)(2) (stating an answer to a complaint is a pleading); Fed. R. Civ. P. 10(c) (stating an exhibit to a pleading is a part of the pleading for all purposes).

The complaint alleges that plaintiff's property was insured "by a policy of insurance issued and maintained by Defendant." Doc. 1, p. 1, ¶ 1. Attached to defendant's answer is a sworn declaration from Kate Wilkinson, Vice President of Claims with Global Indemnity (which owns defendant). Doc. 12, att. 1. Ms. Wilkinson declares, after a diligent search of defendant's records, she found no policy of insurance between plaintiff Wayne Compton and defendant United National Insurance Company. *Id.* Plaintiff concedes the lack of a policy in his Notice of No Opposition to Defendant's Motion to Dismiss. Doc. 31. In this notice, plaintiff states "he has no opposition" to the motion because "after due investigation" his counsel "is not aware of a basis to oppose the motion." *Id.* Considering that plaintiff and defendant agree no policy of insurance existed between them at the relevant times, plaintiff has failed to state a claim to relief that is plausible on its face.

## III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 22] be **GRANTED** as unopposed, and all claims against defendant United National Insurance Company should be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 21st day of August, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE